**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-106-RJC**

| | | |
|---|---|---|
| KAREEM ABDULLAH KIRK-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW MURRAY, | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court has determined that the Complaint must be dismissed as barred by the principles in Heck v. Humphrey, 512 U.S. 477 (1994). Although Plaintiff has styled his Complaint as one in which he is challenging the constitutionality of various state statutes, in substance he is challenging his underlying state court convictions and consequent imprisonment, resulting from what he contends was an unlawful arrest on July 8, 2007.

In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be

allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff has not alleged in his Complaint that his underlying conviction or convictions have been reversed or otherwise invalidated.

### III. Conclusion

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), and it appearing from the face of the Complaint that Plaintiff's claims are barred under Heck, the Court will dismiss the Complaint.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge